## SETTLEMENT AGREEMENT AND RELEASE

WHEREAS, Jeffrey Davis and Tiffany Carroll (collectively, "Named Plaintiffs") filed a civil action on November 8, 2018, individually and on behalf of all other allegedly similarly-situated persons, against Defendant World Wide Consulting Services, Inc. ("WWCS"), Defendant Peter D. Ferrigan ("Ferrigan"), and Defendant Jeff Wyler Automotive Family, Inc. ("Jeff Wyler Auto") in the United States District Court for the Southern District of Ohio, Case No. 1:18-cv-00771 ("the Lawsuit");

WHEREAS, the Lawsuit asserts various causes of action arising from the purported employment relationship or job applicant relationship between Named Plaintiffs and the class they seek to represent and Jeff Wyler Auto, including but not limited to claims under the Ohio Constitution, Ohio's Deceptive Trade Practices Act, and the Fair Labor Standards Act;

WHEREAS, the Lawsuit alleges that Jeff Wyler Auto failed to pay individuals for the time they spent in sales training classes conducted by Ferrigan or WWCS at certain dealerships in the Jeff Wyler Auto family of companies ("WWCS training" or "WWCS training class"), that Jeff Wyler Auto should have reimbursed those individuals for certain expenses associated with the WWCS training classes, and that Jeff Wyler Auto engaged in fraud by promising to hire WWCS training class participants but failed to do so;

WHEREAS, Plaintiffs' Lawsuit also alleges that Jeff Wyler Auto collected various personality data, private health information, and other personally identifying information from WWCS training class participants in violation of federal and Ohio law;

WHEREAS, Jeff Wyler Auto denies all of the Named Plaintiffs' allegations of improper pay practices and other wrongdoing;

WHEREAS, Named Plaintiffs and Jeff Wyler Auto (the "Parties")[1] engaged in months of discovery and multiple rounds of settlement conferences;

WHEREAS, it is now the desire of the Parties to fully, finally, and forever memorialize, settle, compromise, and discharge all disputes and claims that have been brought in the Lawsuit or that reasonably arise out of the facts alleged in the Lawsuit, *i.e.,* the alleged practices set forth in the pleadings in the Lawsuit;

WHEREAS, the Parties have agreed to ask the District Court to certify a class action under Fed. R. Civ. P. 23(b)(3) and a collective action under the Fair Labor Standards Act ("FLSA") in order to resolve the claims Named Plaintiffs asserted on their own behalf and as representatives of a class of similarly situated individuals, as set forth in the Lawsuit;

---

[1] Ferrigan and WWCS have failed to make an appearance in the Lawsuit and the Court has entered default against both of them (CM/ECF Document 25). Ferrigan and WWCS are not parties to this Settlement Agreement and Release ("Agreement").

WHEREAS, the Parties stipulate that, subject to approval by the District Court, the class and collective action will be certified for settlement purposes only. If the Court does not both certify the class and collective action and find this Agreement to be fair, reasonable, and adequate, this Agreement is null and void.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, the Parties enter into this Settlement Agreement and Release ("Agreement"), subject to the Court's approval, as follows:

## Definitions

a.      The "Settlement Class" or the "Class" consists of all persons who within the three-year period prior to the filing of the Complaint (that is, going back to November 8, 2015) attended WWCS training run by Ferrigan or WWCS at a location owned or operated by Jeff Wyler Auto.

b.      "Class Member" means an individual who within the three year period prior to the filing of the Complaint (that is, going back to November 8, 2015) attended WWCS training run by Ferrigan or WWCS at a location owned and operated by Jeff Wyler Auto, and who has not opted out of the Rule 23(b)(3) class, or who has opted in to the FLSA class.

c.      "Identified Class Member" means an individual whose identity is presently known to Named Plaintiffs and Jeff Wyler Auto and who is known to have attended WWCS training run by Ferrigan or WWCS at a location owned or operated by Jeff Wyler Auto between November 8, 2015 and the present. Identified Class Members are listed in the attached Exhibit A.

d.      "Possible Class Member" means an individual who has been identified by Jeff Wyler Auto as having completed a drug test for purposes of employment with Jeff Wyler Auto during one of the weeks in which WWCS performed training classes at Jeff Wyler Auto locations, but who may or may not have actually attended a WWCS training class. The current list of Possible Class Members is attached as Exhibit B. If additional Possible Class Members are identified prior to the mailing of the Notice described in Section 5(d) below, such individuals will be added to Exhibit B.

e.      "Potential Class Members" refers to all Identified Class Members and Possible Class Members.

f.      "Released Parties" refers to and includes Jeff Wyler Auto, Jeff Wyler Auto's present and former subsidiaries, divisions, parent companies, holding companies, stockholders, shareholders, officers, directors, employees, agents, servants, representatives, attorneys, insurers, affiliates, and the successors, heirs and assigns of any such entity or person, as well as any individual that could be included within the definition of "employer" under either the Fair Labor Standards Act ("FLSA") or the Ohio wage and hour law, including but not limited to all officers, directors, and managers of Jeff Wyler Auto in their business or personal capacities and all Jeff Wyler dealerships and the corporate entities that own and/or operate those dealerships. Defendants Ferrigan and WWCS are not released parties.

g.      The "Parties" refers collectively to Named Plaintiffs and Jeff Wyler Auto.

h.      "Class Counsel" refers to Burg Simpson Eldredge Hersh & Jardine P.C. and Godbey Law.

i.      "Defense Counsel" refers to Jackson Lewis P.C.

j.      "Claims Administrator" refers to Archer Systems, LLC.[2]

k.      "Lawsuit" means *Jeffrey Davis, et al. v. World Wide Consulting Services, Inc., et al.,* U.S. District Court for the Southern District of Ohio, Case No. 1:18-cv-00771.

l.      "Effective Date" is defined as the later of: (i) the date when the time for appealing the final approval of this Agreement has expired; or (ii) the date of the final resolution of any appeal of the final approval of this Agreement if an appeal has been filed and not dismissed.

m.      "Attorneys' Fees Effective Date" – If the Court approves Class Counsel's Attorneys' Fees and Costs in the final Order approving this Agreement, the Attorneys' Fees Effective Date is the same as the Effective Date. In the event the Court approves Class Counsel's Attorneys' Fees and Costs in an order separate from the final Order approving this Agreement, the Attorneys' Fees Effective Date is the later of: (i) the date when the time for appealing the Order Approving Class Counsel's Attorneys' Fees and Costs has expired; or (ii) the date of the final resolution of any appeal of the Order Approving Class Counsel's Attorneys' Fees and Costs has been filed and not dismissed.

## The Settlement Terms

1.      **Settlement Class:** For settlement purposes only, the Parties have agreed to support certification by the Court of a Settlement Class under Fed. R. Civ. P. 23(b)(3) and under the Fair Labor Standards Act ("FLSA"). The Class will consist of all persons who, within the three-year period prior to the filing of the Lawsuit (that is, going back to November 8, 2015), attended WWCS training run by Ferrigan or WWCS at a location owned or operated by Jeff Wyler Auto.

2.      **Sub-Classes and Sub-Class Payments:** Recognizing that not all members of the Settlement Class were treated identically, the Parties have agreed to request that the Court certify four different sub-classes. The Parties have also agreed, subject to court approval, to a proposed settlement of the claims of each participating member of each sub-class, with the amount Jeff Wyler Auto will pay each member of each sub-class described below. Identified Class Members and Potential Class Members shall be assigned to the sub-classes described below pursuant to the procedure described in Section 6(f) below.

---

[2] The parties understand any yellow-highlighted terms in this Agreement relate to specific information about the Claims Administrator or the mailing of Notices, and that this specific information will be determined after the Agreement has been signed.

   a.  "Sub-Class One" consists of all persons within the Settlement Class who were hired by Jeff Wyler Auto and (1) who were reimbursed by Jeff Wyler Auto for a fee they paid for participating in the WWCS training, or (2) who never paid any fee for the WWCS training.

   Subject to the provisions of Section 2(e) and (f), Jeff Wyler Auto will provide each member of Sub-Class One with a check in the amount of $672.30, minus lawful deductions and withholdings, for which an IRS Form W-2 will be issued.

   b.  "Sub-Class Two" consists of all persons within the Settlement Class who were hired by Jeff Wyler Auto and who paid a fee for the WWCS training but who were not reimbursed for the fee by Jeff Wyler Auto.

   Subject to the provisions of Section 2(e) and (f), Jeff Wyler Auto will provide each member of Sub-Class Two with a check in the amount of $672.30, minus lawful deductions and withholdings, for which an IRS Form W-2 will be issued. Jeff Wyler will additionally provide each member of Sub-Class Two with a check in the amount of $500 as reimbursement for costs incurred during training conducted by WWCS, for which no tax documents shall be issued.

   c.  "Sub-Class Three" consists of all persons within the Settlement Class who were not hired by Jeff Wyler Auto and who paid a fee for the WWCS training but who were not reimbursed for the fee by Jeff Wyler Auto.

   Subject to the provisions of Section 2(e) and (f), Jeff Wyler Auto will provide each member of Sub-Class Three with a check in the amount of $672.30, minus lawful deductions and withholdings, for which a form W-2 will be issued. Jeff Wyler will additionally provide each member of Sub-Class Three with a check in the amount of $500 as reimbursement for costs incurred during training conducted by WWCS, for which no tax documents shall be issued. Jeff Wyler will additionally provide each member of Sub-Class Three with a check in the amount of $2,400 meant to compensate the members of Sub-Class Three for non-economic compensatory damages, for which a Form 1099 will be issued.

   d.  "Sub-Class Four" consists of all persons within the Settlement Class who were not hired by Jeff Wyler Auto and who were reimbursed by Jeff Wyler Auto for the fee they paid for participating in the WWCS training.

   Subject to the provisions of Section 2(e) and (f), Jeff Wyler Auto will provide each member of Sub-Class Four with a check in the amount of $672.30, minus lawful deductions and withholdings, for which a form W-2 will be issued. Jeff Wyler will additionally provide each member of Sub-Class Four with a check in the amount of $2,400 meant to compensate the members of Sub-Class Three for non-economic compensatory damages, for which a Form 1099 will be issued.

e.     Any Class Member who opts out of the settlement will not be paid any amount in damages, and Jeff Wyler Auto will retain all funds to which that Class Member would otherwise be entitled.

f.     The parties agree and acknowledge that after receiving a complaint from Scott Bowden, who participated in a WWCS training class at a Jeff Wyler Auto location, the U.S. Department of Labor Wage and Hour Division conducted an FLSA wage and hour investigation into Jeff Wyler Auto's pay practices with regard to the WWCS training classes described in the Lawsuit. In order to resolve this investigation, Jeff Wyler Auto paid a total of $16,906.00 to a total of 67 WWCS training class participants. The names of these individuals and the payments they received are listed in the U.S. Department of Labor "Summary of Unpaid Wages" form attached as Exhibit F. The parties agree that to the extent a Potential Class Member is entitled to a $627.30 payment (minus lawful deductions and withholdings) under Section 2(a), (b), (c), or (d), the Potential Class Members' $627.30 payment shall be reduced by the gross amount of any payment listed for that Potential Class Member in Exhibit F. This reduction is necessary in order to prevent Potential Class Members who already received back wages payments in connection with the *Bowden* matter from receiving a second recovery of the same amount, and will ensure that all Potential Class Members receive a total of $627.30 in alleged back wages payments.

g.     No representations whatsoever regarding the tax implications of the consideration payments described in this Section are being made or have been made by Class Counsel, Defense Counsel, or Jeff Wyler Auto. In the event that any Named Plaintiff or any Class Member fails to properly pay taxes on the above payments, the Named Plaintiff or the Class Member shall indemnify and reimburse Jeff Wyler Auto for any resulting tax liability, penalties, and/or interest that Jeff Wyler Auto is required to pay as a result of such individual's failure.

3.     **Incentive Award:** In addition to any payment the Named Plaintiffs may receive as members of the Settlement Class, Jeff Wyler Auto will provide each Named Plaintiff with an additional payment in the amount of $2,000 as an incentive award, for which a Form 1099 will be issued to each Named Plaintiff.

4.     **Attorneys' Fees and Costs:** Plaintiffs have asserted class action and collective action claims arising from their employment relationship with Defendants, including claims asserted under the Fair Labor Standards Act, the Ohio Constitution, Article II § 34a, and Ohio's Unfair Trade Practices Act, ORC 4165,01 *et seq. (See Internal Revenue Code §§ 62(a)(20), 62(e)(4), 62(e)(18).)* Under these claims, Class Counsel is entitled to a statutory/constitutional award of attorneys' fees and costs, which are payable directly to counsel and to which Class Members themselves have no legal right to access or control. In compromise of Plaintiffs' class action and collective action claims and in addition to providing compensation to Class Members as described above, Jeff Wyler Auto has agreed to pay attorneys' fees and costs directly to Class Counsel as authorized by the Fair Labor Standards Act, the Ohio Constitution and the Ohio Deceptive Trade Practices Act. Class Counsel waives all claims to Attorneys' Fees and Costs under all other tort and contractual causes of action set forth in the Lawsuit.

Subject to Court approval of this Agreement, Jeff Wyler Auto agrees to pay Class Counsel statutory/constitutionally authorized fees and costs in the amount of $175,000. Class Counsel shall not seek any additional attorneys' fees or costs from payments made by Jeff Wyler Auto to class members.

Class Counsel will file a motion with the Court for attorneys' fees and costs. Jeff Wyler Auto will not oppose an obligation to pay $175,000 in fees and costs to Class Counsel, which amount Jeff Wyler Auto hereby agrees is fair and reasonable. In no event, however, shall Jeff Wyler Auto be required to pay more than $175,000 in attorneys' fees and costs to Class Counsel.

Jeff Wyler Auto will pay directly to Burg Simpson Eldredge Hersh Jardine P.C. the amount of Class Counsel attorneys' fees and costs approved by the Court, not to exceed $175,000. Said payment shall be made within 10 days of the Attorneys' Fees Effective Date. The payment by Jeff Wyler Auto of Attorneys' Fees and costs hereunder shall constitute a full and complete satisfaction of claims by Class Counsel against the Released Parties for Attorneys' Fees and costs. Jeff Wyler Auto will report the payments of Attorneys' Fees and costs to Class Counsel using an IRS Form 1099.

5. **Motion for Preliminary Certification and Conditional Approval of Settlement Class:** Within fourteen (14) calendar days of executing this Agreement, the Parties shall file a joint motion:

      a.    requesting that the Court preliminarily certify the Settlement Class and sub-classes pursuant to Fed. R. Civ. P. 23(a) and (b)(3) for the sole purpose of settlement;

      b.    requesting that the Court conditionally certify the Settlement Class and sub-classes pursuant to 29 U.S.C. § 216(b) for the sole purpose of settlement;

      c.    requesting that the Court preliminarily approve the Agreement and its terms pursuant to Fed. R. Civ. P. 23(e);

      d.    requesting that the Court approve as to form and content the proposed Notice of Class Action Settlement and Fairness Hearing ("Notice"), attached as Exhibit C;

      e.    requesting that the Court approve as to form and content the proposed Claim Form and FLSA Opt-In, attached as Exhibit D;

      f.    requesting that the Court approve as to form and content the proposed Opt-Out Form, attached as Exhibit E;

      g.    requesting that the Court direct the mailing of the Notice, the Claim Form and FLSA Opt-In, and the Opt-Out Form (collectively, "Notice Packet") by first class mail to Potential Class Members;

      h.    requesting that the Court set a deadline for objections;

        i.        requesting that the Court set a date for the final fairness hearing;

        j.        requesting that the Court set a proposed deadline for the Court's entry of final judgment after the Fairness Hearing for this class and collective action settlement; and

        k.        requesting that the Court enter an Order as described in this Section 5.

The Parties shall comply with any notice requirements under the Class Action Fairness Act that may be applicable.

6.      **<u>Notice to the Potential Class Members</u>:**

        a.        No later than fourteen (14) calendar days after the Court conditionally certifies and preliminarily approves the Settlement Class and sub-classes, the Claims Administrator will send all Potential Class Members the Court-approved Notice Packet, substantially in the form attached hereto as Exhibits C, D, and E, including with any modifications at the direction of the Court, by first-class mail and email (if an email address is known). The parties will work with the Claims Administrator to identify addresses for the Potential Class Members.

        b.        If the Notice Packet is returned to the Claims Administrator as undeliverable, Claims Administrator shall attempt to locate a new address for that Potential Class Member through reasonable means such as the National Change of Address program certified by the United States Postal Service and other standard skip trace methods. If a new address is located, the Claims Administrator shall resend the Notice Packet by first class mail. If the Claims Administrator cannot locate a new address within five (5) calendar days of receiving an undeliverable Notice Packet, the Claims Administrator will advise Class Counsel and counsel for Jeff Wyler Auto.

        c.        Between the thirtieth and forty-fifth day after initially mailing/emailing the Notice Packet, the Claims Administrator shall follow up with all Potential Class Members that have not yet completed and returned the documents contained in their Notice Packet. The Claims Administrator shall use one of the following methods to follow up with Potential Class Members: phone call, email, text message, or letter.

        d.        Potential Class Members will have sixty (60) days after the initial mailing of the Notice Packet to submit to the Claims Administrator their completed Claims Form, FLSA Opt-In Form, and/or Opt-Out Form. The Claims Form, FLSA Opt-In Form, and the Opt-Out Form must be postmarked (or received, in the case of an email) by the sixtieth day after the documents were initially mailed to all Class Members.

        e.        A Claim Form will be considered "complete" if it contains responses to Questions 1, 3, 4, 5, 7, and 8. A response indicating that the Potential Class Member does not recall the answer to Question 8 (a) or 8 (b) does not render the Claim Form incomplete. Similarly, the failure to provide a Social Security Number in response to Question No. 2 does not render the Claim Form incomplete. The Parties agree that in the event that a Potential Class

Member fails to provide a Social Security Number and that Potential Class Member is determined to be a Class Member, the parties will cooperate with each other and the Claims Administrator to attempt to obtain a Social Security Number for that individual.

      f.      The Claims Administrator shall assign all of the Potential Class Members who complete and return the Claim Form to Sub-Class One, Sub-Class Two, Sub-Class Three, or Sub-Class Four, or to no sub-class. The Claims Administrator shall apply the following criteria when making these assignments:

      i.      If a Potential Class Member answers the questions on the Claim Form as follows, that individual shall be assigned to Sub-Class One: (1) "yes" to Question 7, (2) "yes" to Question 8(d), (3) "yes" to Question 8(e), and (4) "yes to Question 8(f).

      ii.      If an Identified Class Member or Potential Class Member answers the question on the Claim Form as follows, that individual shall be assigned to Sub-Class One: (1) "yes" to Question 7, (2) "no" to Question 8(d), and (3) "yes" to Question 8(f).

      iii.      If an Identified Class Member or Potential Class Member answers the questions on the Claim Form as follows, that individual shall be assigned to Sub-Class Two: (1) "yes" to Question 7, (2) "yes" to Question 8(d), (3) "no" to Question 8(e), and (4) "yes" to Question 8(f).

      iv.      If an Identified Class Member or Potential Class Member answers the questions on the Claim Form as follows, that individual shall be assigned to Sub-Class Three: (1) "yes" to Question 7, (2) "yes" to Question 8(d), (3) "no" to Question 8(e), and (4) "no" to Question 8(f).

      v.      If an Identified Class Member or Potential Class Member answers the questions on the Claim Form as follows, that individual shall be assigned to Sub-Class Four: (1) "yes" to Question 7, (2) "yes" to Question 8(d), (3) "yes" to Question 8(e), and (4) "no" to Question 8(f).

      vi.      The Claims Administrator shall not assign a Potential Class Member to Sub-Class One, Sub-Class Two, Sub-Class Three, or Sub-Class Four, and shall instead exclude such individuals from the Class entirely, if such individual answers "no" in response to Question 7.

      vii.      Potential Class Members who fail to return a completed Claim Form shall not be included in the Class.

      g.      Within fourteen (14) calendar days following the expiration of the 60-day period described in Section 6(d) above, the Claims Administrator shall supply a complete list of all Potential Class Members who returned their completed Opt-In Forms and Claim Forms to Class Counsel and Defense Counsel, along with a list of the Sub-Classes to which those individuals have been assigned. Defense Counsel and Class Counsel shall have fourteen (14) days from the date such list is received from the Claims Administrator to exchange any

objections they may have to the inclusion of specific Potential Class Members in (1) the Class or (2) in a specific sub-class.

        h.      Defense Counsel, on behalf of Jeff Wyler Auto, shall only object to the inclusion of individuals in the Class if any one or more of the following conditions are met:

              i.      The individual answers "No" in response to Question 7 on the Claim Form;

              ii.      If dates are provided in response to Question 8(a) on the Claim Form, and those dates do not reasonably match the dates on which any WWCS training class occurred at a Jeff Wyler Auto facility;

              iii.      The location provided in response to Question 8(c) is not an actual Jeff Wyler Auto dealership;

              iv.      The location provided in response to Question 8(c) is not a location where WWCS training was conducted, with the understanding that WWCS trainings were only ever conducted at the following dealerships: Eastgate, Florence Buick GMC, Kings Nissan, Lawrenceburg, and Columbus;

              v.      Jeff Wyler Auto provides some other reasonable basis for concluding that the individual's answers to the questions on the Claim Form indicate that the individual is not a proper Class Member.

        i.      Class Counsel shall be given the opportunity to respond to Jeff Wyler Auto's objections to the inclusion of Potential Class members in the Class. If Defense Counsel and Class Counsel agree that a particular individual shall not be included in the Class, that individual shall be excluded from the Class. If Defense Counsel and Class Counsel disagree on whether a particular individual should be included in the Class, the parties shall bring the dispute to the Magistrate Judge assigned to the Lawsuit for resolution.

        j.      Class Counsel and Defense Counsel shall only object to a Potential Class Member's inclusion into a specific sub-class if the Potential Class Member's Claim Form responses require a different classification pursuant to the procedures outlined in Section 6(f)(i) – (vii) of this Agreement. If Defense Counsel and Class Counsel are unable to agree as to a Potential Class Member's correct sub-class assignment, the parties shall bring the dispute to the Magistrate Judge assigned to the Lawsuit for resolution.

        7.      **Fairness Hearing; Objections; Opt-Outs; Binding Effect:**

        a.      No later than five (5) days before the Fairness Hearing, the Parties shall jointly file a motion:

          i.      Requesting that the Court finally approve the Agreement and its terms with respect to Fed. R. Civ. P. 23(a) and (b)(3) for the sole purpose of settlement, including that the Court approve the Settlement Class;

          ii.      Requesting that the Court finally certify the Settlement Class pursuant to 29 U.S.C. § 216(b);

          iii.      Addressing any objections that may have been raised by Class Members;

          iv.      Requesting that the Court enter final judgment.

      b.      Any Class Member may object to and opt out of the Rule 23 settlement, provided that such objections are made in writing and filed with the Court and served on counsel for the Parties no later than ten (10) days before the final fairness hearing. Such objection shall not be valid unless it includes the information specified in the Opt-Out Form, Exhibit E. No Class Member may be heard at the Fairness Hearing who has not complied with this requirement. Any Class Member who fails to comply with this requirement will be deemed to have waived any right to object and any objection to the Rule 23 settlement.

      c.      All Class Members will be bound by the final approval order, the judgment, and the releases set forth in this Agreement. Unless they have timely asserted an objection to this Agreement, all Class Members shall be deemed to have waived all objections and opposition to the fairness, reasonableness and adequacy of the Rule 23 settlement. However, no FLSA claims are released by any Class Member unless those class members (1) opt in to the Lawsuit by filing an FLSA Opt-In Form, or (2) cash or deposit their settlement check in accordance with this settlement.

      d.      None of the Parties, their counsel, nor any person on their behalf, shall seek to solicit or otherwise encourage anyone to object to the settlement, or appeal from any order of the Court that is consistent with the terms of this settlement, or discourage participation in the settlement claims process. Class Counsel, however, may advise class members how to assert their right to object.

      e.      Upon receipt, counsel for the Parties shall promptly exchange with one another and file with the Court copies of all objections and/or challenges to the Agreement or any part thereof served on them.

      8.      **<u>Entry of Final Judgment</u>:** Following final approval of this Agreement as specified herein, the Parties agree to file an Entry of Final Judgment with the Court on a form supplied by Jeff Wyler Auto and agreed to by the Parties, which enters final judgment on the merits and with prejudice as to any individual or Class claims which are released by this Agreement, upon satisfaction of all payments and obligations hereunder. This Entry of Final Judgment shall conclude the litigation of all claims in this case.

9. **Distribution of Settlement Payments to Class Members:**

a. No later than the Effective Date, Jeff Wyler Auto shall: (1) provide the Claims Administrator and Class Counsel with an individualized accounting of all payments to be made to Class Members and (2) wire deposit all Class Member payments into an account designated by the Claims Administrator.

b. Within twenty one (21) calendar days of the Effective Date, the Claims Administrator shall mail payments by check to Class Members that are consistent with the accounting provided by Jeff Wyler Auto.

c. The following language shall appear on the check sent to all Class Members by the Claims Administrator: "By depositing or cashing this check, I affirm my release of Jeff Wyler Automotive Family, Inc., and all Released Parties of all claims as defined in the Agreement as approved by the Court in *Davis, et al. v. World Wide Consulting Services, Inc., et al.*, U.S. District Court for the Southern District of Ohio, Case No. 1:18-cv-00771 ("the Lawsuit"), including but not limited to any claims I may have under the Fair Labor Standards Act, from November 8, 2015 to the present. By depositing or cashing this check, I also consent to join and opt in to the Lawsuit as defined in that same Agreement as a party-plaintiff pursuant to 29 U.S.C. § 216(b). By depositing or cashing this check, I also affirm that I will not sue or assert any claim, including but not limited to claims under the Fair Labor Standards Act, against Jeff Wyler Automotive Family, Inc. or any of the Released Parties."

d. Class Members shall have one hundred twenty (120) calendar days after the date of mailing to cash their settlement checks.

e. If any checks are returned as undeliverable, the Claims Administrator shall update Class Members' last known mailing address through the National Change of Address program certified by the United States Postal Service and other standard skip trace methods and will re-send the check to the new address. If any redistributed checks are again returned as undeliverable, their checks will be void and a stop-payment will be placed. In such event, those Class Members will be deemed to have waived irrevocably any right in or claim to a settlement share, but the Agreement nevertheless will be binding upon them.

f. If any Class Members do not cash their checks within 120 days after mailing of the checks by the Claims Administrator and their check is not returned, their checks will be void and a stop-payment will be placed.

10. **Settlement Administration:**

a. Named Plaintiffs have selected Archer Systems, LLC as the Claims Administrator. Jeff Wyler Auto will pay all settlement administration costs and fees for Archer Systems, LLC including all mailings. The Claims Administrator's responsibilities to communicate and handle the claims extend equally to all Parties. The Claims Administrator will be available to report to the Court as requested.

b. Jeff Wyler Auto will not be obligated at any stage to fund any efforts by the Claims Administrator to engage investigative services to locate Class Members (whether Known Class Members or Potential Class Members), however the Claims Administrator shall be authorized to expend resources to locate Potential Class Members through other means, including but not limited to internet search tools, telephone directories, and by use of the National Change of Address program certified by the United States Postal Service and other standard skip trace methods or as updated by Class Counsel.

c. Communications by the Claims Administrator shall be made with the representatives of all Parties.

11. **Mutual Full Cooperation:** The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may be reasonably necessary to implement the terms of this Agreement. The Parties shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein. As soon as practicable after execution of this Agreement and after completion of the collective action opt-in process described below, Class Counsel shall, with the assistance and cooperation of Jeff Wyler Auto and their counsel, take all necessary steps to secure the Court's approval of this Agreement.

12. **Potential Voiding of the Agreement:**

a. A failure of the Court to approve any material condition of this Agreement which affects a fundamental change of the Parties' settlement shall render the entire Agreement voidable and unenforceable as to all Parties herein at the option of the party adversely affected thereby.

b. If this Agreement is voided under this Section or otherwise, this Agreement shall have no force or effect; all negotiations, statements and proceedings related thereto shall be without prejudice to the rights of any party, all of whom shall be restored to their respective positions in the Lawsuit prior to the settlement; and neither this Agreement nor any ancillary documents, actions, or filings the Parties agreed to shall be admissible or offered into evidence in the lawsuit or any other action for any purpose.

13. **Release of Claims:**

a. Upon the Effective Date (and except as to such rights or claims as may be created by this Agreement), Named Plaintiffs and all Class Members fully release and discharge Jeff Wyler Auto and the Released Parties from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions, or causes of action of whatever kind or nature, whether arising under any federal, state, or local law, whether known or unknown, that were alleged or that reasonably arise out of the acts alleged in the Complaint filed in the Lawsuit, which includes but is not limited to all claims for back wages, and including associated liquidated damages, interest, and penalty claims that were asserted or could have been asserted in this Lawsuit under state or federal law between November 8, 2015

12

and the Effective Date. This release includes but is not limited to all claims related to any alleged failure to pay minimum wages under the Ohio Constitution or Ohio statutory law, state common law, and pursuant to wage contract claims. This release also includes but is not limited to any claims for breach of contract, fraud, unjust enrichment, negligent misrepresentation, invasion of privacy, intrusion upon seclusion, any violation of the Ohio Deceptive Trade Practices Act, conspiracy, conversion, and/or any violation of the Ohio Prompt Pay Act. Class Members do not release any claims that cannot be released by law, including but not limited to workers' compensation claims.

       b.     Notwithstanding the foregoing, no Fair Labor Standards Act claims are released by any Class Members unless a Class Member submits to the Claims Administrator an FLSA Opt-In Form or cashes or deposits the Class Member's settlement check in accordance with this Agreement. If Class Members submit an FLSA Opt-In Form or cash or deposit their settlement check, those Class Members shall release and discharge any and all Fair Labor Standards Act claims they may have against Jeff Wyler Auto and the Released Parties.

14.    **No Admission of Liability:** Nothing contained herein, nor the consummation of this Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Jeff Wyler Auto or any Released Parties. Each of the Parties hereto has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. In particular, and without limiting the generality of the foregoing, nothing in this Agreement shall be offered or construed as an admission of liability, wrongdoing, impropriety, responsibility or fault whatsoever by Jeff Wyler Auto or Released Parties, who expressly deny any liability, wrongdoing, impropriety, responsibility or fault whatsoever.

15.    **Thorough Investigation/Reasonable and Fair Settlement:** Class Counsel have conducted a thorough investigation into the facts of the Lawsuit, and have diligently pursued investigation and prosecution of Class Members' claims against Jeff Wyler Auto. Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the settlement with Jeff Wyler Auto for the consideration and on the terms set forth in this Agreement is fair, reasonable, adequate, and in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay, the risk of loss or limited recovery, and the defenses asserted by Jeff Wyler Auto, both on the merits and with respect to class certification. Jeff Wyler Auto and Jeff Wyler Auto's counsel also agree the settlement as stated in this Agreement is reasonable and fair.

16.    **Parties' Authority:** The signatories hereby represent that they are fully authorized to enter into this Agreement and bind the Parties hereto to the terms and conditions hereof.

17.    **Enforcement Actions:** This Agreement is fully enforceable in the U.S. District Court for the Southern District of Ohio before the Honorable Michael R. Barrett, or such judge as may be designated in his stead by the procedures of the Court, who shall retain jurisdiction to enforce this Agreement.

18. **Notices:** Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder by the Parties to this Agreement shall be in writing and shall be addressed as follows:

| | |
|---|---|
| To Plaintiff: | David C. Harman |
| | Janet Gilligan Abaray |
| | **BURG SIMPSON** |
| | **ELDREDGE HERSH & JARDINE, PC** |
| | dharman@burgsimpson.com |
| | jabaray@burgsimpson.com |
| | 201 E 5th St., Suite 1340 |
| | Cincinnati, Ohio 45202 |
| | Tel: (513) 852-5600 |
| | Fax: (513) 852-5611 |
| | |
| | Matthew Miller-Novak |
| | **GODBEY LAW** |
| | matt@godbeylaw.com |
| | 708 Walnut St., Suite 600 |
| | Cincinnati, Ohio 45202 |
| | Tel: (513) 241-6650 |
| | |
| To Jeff Wyler Auto: | David Kirsten Montgomery |
| | Matthew Richard Byrne |
| | **JACKSON LEWIS, P.C.** |
| | david.montgomery@jacksonlewis.com |
| | matthew.byrne@jacksonlewis.com |
| | 201 E. Fifth St, 26th Floor |
| | Cincinnati, Ohio 45202 |
| | Tel: (513) 898-0050 |
| | Fax: (513) 898-0051 |

19. **Medicare Disclaimer.** The Named Plaintiffs affirm that as of the date the Named Plaintiffs sign this Agreement, the Named Plaintiffs are not Medicare eligible (i.e., are not 65 years of age or older; are not suffering from end stage renal failure; have not received Social Security Disability Insurance benefits for 24 months or longer, etc.). Nonetheless, if the Centers for Medicare & Medicaid Services and/or any related agency representing Medicare's interests ("CMS") determine that Medicare has an interest in the payment to the Named Plaintiffs under this settlement, the Named Plaintiffs agree to indemnify, defend, and hold Jeff Wyler Auto and the other Released Parties harmless from any action by CMS relating to medical expenses of the Named Plaintiffs. The Named Plaintiffs agree to reasonably cooperate with Jeff Wyler Auto and the Released Parties upon request with respect to any claim that CMS may make and for which the Named Plaintiffs are required to indemnify Jeff Wyler Auto and the Released Parties under this Section 19. Further, the Named Plaintiffs agree to waive any and all future actions against Jeff Wyler Auto and the Released Parties for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

14

20. **Construction:** The Parties hereto agree that the terms and conditions of this Agreement are the result of lengthy, intensive, arm's length negotiations between the Parties and that the Agreement shall not be construed in favor of or against any Party by reason of the extent to which any party or his or her or its counsel participated in the drafting of this Agreement.

21. **Captions and Interpretations:** Section titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any provision hereof. Each term of this Agreement is contractual and not merely a recital.

22. **Modification:** This Agreement may not be changed, altered, or modified except in writing and signed by the Parties hereto, and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

23. **Integration Clause:** This Agreement constitutes the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, agreed to by the Parties in this matter, are merged herein. No rights hereunder may be waived except in writing.

24. **No Prior Assignments:** This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, and successors. The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

25. **Class Counsel Signatories:** It is agreed that because the Class Members are so numerous, it is impossible or impractical and not required to have each Class Member execute this Agreement. The Notice will advise all Class Members of the binding nature of the release and such shall have the same force and effect as if this Agreement were executed by each Class Member.

26. **Publicity:** Parties shall not issue any press release about the Agreement or its terms. The Parties shall respond to employees or media only with the acknowledgment that "the matter was amicably resolved."

27. **Counterparts:** This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Agreement as follows:

**DEFENDANT JEFF WYLER AUTOMOTIVE FAMILY, INC.:**

Dated: _June 24, 2020_                   _Brian M. Nair_
                                          Brian M. Nair, on behalf of
                                          Jeff Wyler Automotive Family, Inc.

**APPROVED AS TO FORM BY DEFENDANT JEFF WYLER AUTOMOTIVE FAMILY, INC.'S COUNSEL:**

Dated: _6-25-20_                          _____
                                          Matthew R. Byrne, Jackson Lewis, P.C., counsel for
                                          Defendant Jeff Wyler Automotive Family, Inc.

**NAMED PLAINTIFFS JEFFREY DAVIS AND TIFFANY CARROLL:**

Dated: _6/8/2020_                         _____
                                          Jeffrey Davis

Dated: _____                  _____
                                          Tiffany Carroll

**APPROVED AS TO FORM BY CLASS COUNSEL:**

Dated: _____                  _____
                                          David C. Harman, Burg Simpson Eldredge Hersh &
                                          Jardine, P.C., as Class Counsel on behalf of Named
                                          Plaintiffs and Collective and Class Action Classes

**IN WITNESS WHEREOF**, the Parties and their Counsel have executed this Agreement as follows:

**DEFENDANT JEFF WYLER AUTOMOTIVE FAMILY, INC.:**

Dated: June 24, 2020

Brian M°Haw, on behalf of
Jeff Wyler Automotive Family, Inc.

**APPROVED AS TO FORM BY DEFENDANT JEFF WYLER AUTOMOTIVE FAMILY, INC.'S COUNSEL:**

Dated: 6-25-2020

Matthew R. Byrne, Jackson Lewis, P.C., counsel for
Defendant Jeff Wyler Automotive Family, Inc.

**NAMED PLAINTIFFS JEFFREY DAVIS AND TIFFANY CARROLL:**

Dated: _____

Jeffrey Davis

Dated: 06/02/2020

Tiffany Carroll

**APPROVED AS TO FORM BY CLASS COUNSEL:**

Dated: _____

David C. Harman, Burg Simpson Eldredge Hersh &
Jardine, P.C., as Class Counsel on behalf of Named
Plaintiffs and Collective and Class Action Classes

16

**IN WITNESS WHEREOF**, the Parties and their Counsel have executed this Agreement as follows:

**DEFENDANT JEFF WYLER AUTOMOTIVE FAMILY, INC.:**

Dated: June 24, 2020

Brian McNain on behalf of
Jeff Wyler Automotive Family, Inc.

**APPROVED AS TO FORM BY DEFEND NT JEFF WYLER AUTOMOTIVE FAMILY, INC.'S COUNSEL:**

Dated: 6-25-20

Matthew R. Byrne, Jackson Lewis, P.C., counsel for
Defendant Jeff Wyler Automotive Family, Inc.

**NAMED PLAINTIFFS JEFFREY DAVIS AN  TIFFANY CARROLL:**

Dated: _____

Jeffrey Davis

Dated: _____

Tiffany Carroll

**APPROVED AS TO FORM BY CLASS COUNSEL**

Dated: 6/19/20

David C. Harman, Burg Simpson Eldredge Hersh &
Jardine, P.C.,   Class Counsel on behalf of Named
Plaintiffs and C llective and Class Action Classes

16

# EXHIBIT A
# List of Identified Class Members

1. Brock Abdon
2. Justin Akindele
3. Isaac Alexander
4. Skyler Anderson
5. Dallas Ash
6. Caleb Avendano
7. Stephen Babayemi
8. Michael Baker
9. Derrick Baltrusch
10. Benjamin Barker
11. Corey Barr
12. Matthew Battaglia
13. Robert Bauer, Jr.
14. Jeffrey Becker
15. Shanequis Behenan
16. Regina Berry
17. Bradford Blevins
18. Scott Bowden
19. Richard Bowen
20. Kevin Brayshaw
21. Devon Brent
22. Nina Brock
23. Michael Brown
24. Tucker Browning
25. Jay Butler
26. Adam Cain
27. Tiffany Carroll
28. Rachel Childers
29. Taylor Clark
30. Kayden Clark
31. Nathaniel Clark
32. Derek Collins
33. Haylee Cousino
34. Dajuan Darling
35. Alex Datro
36. Jeffrey Davis
37. Kelby Davis
38. Jamie Deese
39. Mamadou Diaw
40. Samantha Dorgelo
41. James Dudash
42. Nicholas Eads
43. David Eastham
44. Austin Everson
45. Matthew Farrer
46. Clark Finley
47. Timothy Fischer
48. Jesse Fite
49. Gabrielle Flick
50. Shane Foley
51. Thomas Foltz
52. Natalie Ford
53. Alexis Fulton
54. Tiffany Garner
55. Steven Genetti
56. Joshua Giacin
57. Christopher Gilliam
58. Ryan Goens
59. John Gorley
60. Adam Hamilton
61. Tyler Harbottle
62. Chad Harrington
63. Edward Harris
64. Stacie Hasenmyer
65. Jace Hasskew
66. Thomas Herald
67. Rashaad Hill
68. Alexa Hill
69. Duke Hilsercop
70. Allison Hilton
71. Princeton Hinkston
72. John Holcomb
73. Douglas Hoover
74. Marsha Hunt
75. Charles Hutton
76. Michael Ivkovic
77. Rebecca Jackson
78. `Keyse Jama
79. Dorian Jorgensen
80. Nicholas Kaiser
81. Renee Kamphaus
82. Ian Kasyoka
83. Donald King, Jr.
84. Jerome Lang
85. Christina Lee
86. Terry Long
87. Deanna Love
88. William Loyd
89. Rebecca Martin
90. Darnell Mason
91. Austin Masters
92. Samuel Mastin
93. Leroy McDonald
94. Justin McElwee
95. John McGoff
96. Benjamin McHenry
97. Kevin Meier
98. Thomas Mercer
99. Jordan Meyer
100. Kenneth Meyer
101. Terry Miller
102. Christina Moore
103. David Morgan
104. Jack Morrison
105. Anthony Murrell

17

106. Gaige Naes
107. Shawn Napier
108. Andrew Neumeister
109. Kathy Newton
110. Brandon Niehaus
111. Leif Olson
112. Charles Osborne
113. Thomas Osborne
114. Xavier Parsons
115. Trev Patton
116. Hannah Peacock
117. Djordje Popovic
118. Cindy Powell
119. Zachary Pracht
120. Dean Ratejasak
121. Robert Rein
122. Eric Rice
123. Brittany Richey
124. Stephanie Robinson
125. Teresa Rogers
126. Joshua Rose

127. Patrina Russo
128. Christopher Saddler, Sr.
129. Damian Santorelli
130. John Schmidt
131. Matthew Schmitz
132. Anna Schultes
133. Vincent Selby, Jr.
134. Scott Shank
135. Idan Shenhav
136. Dominique Smallwood
137. Molly Smith
138. Zachary Smith
139. Elizabeth Smith
140. Lacey Smith
141. Bryan Soper
142. Hayley South
143. Benjamin Sovilla
144. Charles Steele
145. Brian Steenhoek
146. Rachel Swaitti
147. Kevin Swallen

148. Christian Taylor
149. Scott Thompson
150. Michael Tucker
151. Isiah Vaughn
152. Mark Vorhees
153. Jesse Wanstrath
154. Alexander Warning
155. Benjamin Washington
156. Bryan Weimer
157. Breian West
158. Daivoghn Whitfield
159. Jeremy Wiford
160. Mark Wilder
161. Kyle Williams
162. Audrey Williams
163. Zachary Wilson
164. Ryan Winter
165. Keith Wires
166. Broderick Wolf
167. Mark Woods
168. Kyle Yocum

# EXHIBIT B
# List of Possible Class Members

1. Brandon Adamson
2. William Armstron
3. Joe Baker
4. Taylor Ballinger
5. Travis Barnes
6. Brent Behymer
7. Randy Bininger
8. Christopher Bock
9. Jeffrey Botts
10. Brandon Boyd
11. Brandon Bressler
12. Claybourne Brezinski
13. Christopher Bricker
14. Mark Brown
15. Benjamin Bruner
16. Jonte Bryant
17. Jared Burden
18. Devyn Burke
19. Tyler Buschard
20. Shane Christeren
21. Samuel C. Coats
22. Danielle Cohill
23. Cameron Coleman
24. John Cooper
25. Christopher Cornett
26. Stanley Coveleskie
27. Paul Crary
28. Justin Cunningham
29. Jordan Daughterty
30. James Davidson
31. Keith Davis
32. Timothy Davis
33. Roy Dillmore
34. David Downer
35. Tonya Dubin
36. David Eichelberger
37. Melissa Eilerman
38. Uriel Esparza
39. Justin Flynn
40. Ricardo Foggie
41. John Freebairn
42. James Friedhoff
43. Aaron Frisk
44. Zachary Fromm
45. Reagan Fulton
46. Jason Gaines
47. Charles Gandy
48. Justin V. Glass
49. Angela Godberry
50. Jonathan Gonzalez
51. Tyler Grefer
52. Robert L. Grivetti
53. Brandon Grubbs
54. Samuel J. Hall
55. Richard Hargett
56. Davon Harris
57. Aaron Heirdorf
58. William Helpenstien
59. Austin Hensley
60. Gabrilla Hodge
61. Christopher M. Hoffman
62. Kylie Hogl
63. Jonathan Holden
64. Jordan Iles
65. Devin R. Ivey
66. Desiree Johnson
67. Derrick Jordan
68. Samantha Kaye
69. Racheal Kendrick
70. Timothy King
71. Alexandria Klette
72. Elizabeth Kline
73. Jessica Knox
74. Emily C. Kordenbrock
75. Andrew Layman
76. Shana Lewis
77. Emma Litchfield
78. Joe N. Lowe
79. Richard Lusk
80. Jacob Mahan
81. Jacob Manor
82. Billy Marion
83. Ashley May
84. Levar McCollum
85. Steven McCoy
86. Nicholas McHargue
87. Cory Meade
88. Bryan Metzger
89. Clark Meyer
90. Justin B. Miller
91. Marc Miller
92. Vernel Miller
93. Elijah Monhollen
94. James Moore
95. Jerame J. Morehead
96. Crystal Morgan
97. Danielle Morrow
98. Barry Mullins
99. Terry Napier
100. Matthew Newman
101. Orion Norman
102. Morgan Orosco
103. Randall K. Parker
104. Mathew Parker
105. Kyron Payne
106. Nicholas Phillips
107. Travis R. Piccirillo

19

108. Gabriel Pigman
109. Cody Poff
110. Stephen Pope
111. Christopher Potts
112. Thomas Prichard
113. Justin Puckett
114. Kody Puckett
115. Michael Puthoff
116. Troy Purcell
117. Avery Purkiser
118. Bradley Rymarquis
119. Jeffrey Saag
120. Nathan Sebastian
121. Michael Sharp
122. Thomas Sholler
123. Jeffrey Sickles
124. Christopher Simpson
125. Robin Smith
126. Troy Smith
127. Erique Smith
128. Breanna S. Smotherman
129. Michael Spradlin
130. Andrew Steigert
131. Raymond Stevens
132. Debralyn Stratton
133. Johnathan Stripling
134. Jordan Taylor
135. Dana Thornburg
136. Hunter Tidball
137. Richard Toepler
138. William Tolson
139. Adam Torbeck
140. Joseph Townsend
141. Nataniel Trent
142. Max Vangrad
143. Maranda Walling
144. William L. Walton
145. Natalie Weaver
146. Brandon Weber
147. John West
148. Logan West
149. Jonathan West
150. Joshua Whalen
151. Chester Williams
152. Joseph Wirth
153. Richard Wisecarver
154. Kelsey Witt
155. Katelyn Woglesworth
156. Cashmere Wright

# EXHIBIT C
# Notice of Class Action Settlement and Fairness Hearing

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| **JEFFREY DAVIS,** *et al.* | : | **Case No. 1:18-cv-00771** |
| | : | |
| **v.** | : | **Judge Michael R. Barrett** |
| | : | |
| **WORLD WIDE CONSULTING** | : | |
| **SERVICES, INC.,** *et al.* | : | |
| | : | |

---

### NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

---

*This Notice has been authorized by a Federal Court. This is not a solicitation from a lawyer.*

This Notice concerns a proposed class and collective action settlement in a lawsuit, *Jeffrey Davis, et al. v. World Wide Consulting Services, Inc., et al.,* U.S. District Court for the Southern District of Ohio, Case No. 1:18-cv-00771 ("the Lawsuit"). Judge Michael R. Barrett of the United States District Court for the Southern District of Ohio is overseeing this lawsuit. Judge Barrett has ordered that this Notice be sent to you.

You are receiving this Notice because you are a Potential Class Member. Based on an investigation it has been determined that you were an employee, job applicant, or potential applicant of Jeff Wyler Automotive Family, Inc. ("Jeff Wyler Auto") who may have participated in a sales training class conducted by World Wide Consulting Services ("WWCS") and/or Peter D. Ferrigan at a Jeff Wyler Auto facility between November 8, 2015 and the present.

The Lawsuit claims that Jeff Wyler Auto should have paid individuals who participated in the WWCS training class for the time they spent in the WWCS training class, that Jeff Wyler Auto should have reimbursed those individuals for certain expenses associated with the WWCS training class, and that Jeff Wyler Auto engaged in fraud by promising to hire training class participants but failing to do so. The Lawsuit also claims that Jeff Wyler Auto collected various personality data, private health information, and other personally identifying information from WWCS training class participants in violation of federal and Ohio law. Jeff Wyler Auto denies any allegations of improper pay practices and other wrongdoing but has agreed to settle this matter to avoid the disruption and expense associated with further litigation.

Individuals who are properly included in the Settlement Class include:

> All persons who within the three year period prior to the filing of the Complaint (that is, going back to November 8, 2015) attended training and/or orientation run by Peter D. Ferrigan and/or World Wide Consulting Services at a location owned or operated by Jeff Wyler Auto.

22

A proposed settlement has been reached in this Lawsuit that affects your rights. The purpose of this Notice is to inform you of the settlement terms and your rights and options in connection with the settlement. If the settlement is finally approved, it will resolve all claims in the Lawsuit.

| YOUR LEGAL RIGHTS AND OPTIONS: | |
|---|---|
| **FILL OUT THE CLAIM FORM TO BE ELIGIBLE TO PARTICIPATE IN THE SETTLEMENT** | **Complete the Claim Form to allow the Parties and the Court to determine whether you are part of the Settlement Class and what amount of compensation you may be entitled to under the settlement.**<br><br>Based on an investigation of Jeff Wyler Auto's files, it has been determined that you were an employee, job applicant, or potential applicant of Jeff Wyler Auto who **may** have participated in a sales training class conducted by WWCS or Ferrigan at a Jeff Wyler Auto facility between November 8, 2015 and the present. Additional information is needed from you to determine whether you are a member of the Settlement Class and/or the amount of compensation you will receive under this settlement. To provide this information, please complete the Claim Form and send it to the Claims Administrator, Archer Systems, LLC, by fax, e-mail, or mail [insert fax number and email address]. The Claim Form must be received or post-marked on or before _____, 2020. **If you do not complete and return your Claim Form by this date, you will not be entitled to any compensation under this settlement.** |
| **SIGN THE FLSA OPT-IN FOLLOWING THE CLAIM FORM** | **Agree to participate in the settlement and release certain claims against Jeff Wyler Auto.**<br><br>If you have completed the Claim Form and wish to participate in the settlement and receive a money award, and agree to be bound by the class action settlement and release described above, **there is nothing more you need to do.** However, you are requested to sign the FLSA Opt-In that follows the Claim Form in order to confirm your willingness to participate in the settlement and release your claims under the federal Fair Labor Standards Act ("FLSA"). If you do not sign the FLSA Opt-In but cash or deposit the settlement check that you may be sent in connection with the settlement, your act of cashing or depositing the settlement check will be construed as your decision to opt in to the FLSA settlement and to release your potential claims under the FLSA. |

| OPT-OUT OF THE SETTLEMENT | **Opt-out of the settlement, receive no compensation under the settlement, and keep your legal claims against Jeff Wyler Auto.** |
| --- | --- |
| | If you do not want to receive any compensation under this settlement and instead wish to keep your legal claims against Jeff Wyler Auto, complete the Opt-Out Form and send it to the Claims Administrator by fax, e-mail, or mail [insert fax number and email address]. If you wish to opt-out of the settlement, the Opt-Out Form must be received or post-marked on or before _____, 2020. If you do not return your Opt-Out Form by this date and you are a member of the Settlement Class, you will be bound by the terms of this settlement. |
| **OBJECT TO THE SETTLEMENT** | **State your objection to the settlement.** |
| | If you wish to settle your claims against Jeff Wyler Auto, but object to the terms of the settlement described in this Notice, you must complete the Claim Form and state the basis for your objection(s) to the settlement in writing. All objections or other correspondence must state the name and number of the Lawsuit, which is *Jeffrey Davis, et al. v. World Wide Consulting Services, Inc., et al.*, Case No. 1:18-cv-771. You must send your completed Claim Form and written objections to counsel for the Parties (contact information below). To be considered, all written objections must be received or post-marked on or before _____, 2020. |

## WHAT THIS NOTICE CONTAINS

Why did I get this notice? ........................................................................ [insert page #s]

What is this lawsuit about? ..................................................................... [insert page #s]

What are the settlement terms? ............................................................. [insert page #s]

When is the final approval hearing? ...................................................... [insert page #s]

What if I have objections to the settlement? ........................................ [insert page #s]

What if my address changes ................................................................... [insert page #s]

Where do I find more information? ........................................................ [insert page #s]

Who do I contact if I have questions? ................................................... [insert page #s]

Time Sensitive Claim Form .................................................................... [insert page #s]

24

## Why did I get this Notice?

You are part of a group of individuals who were employed by Jeff Wyler Auto, who applied for employment with Jeff Wyler Auto, or who were potential applicants for employment with Jeff Wyler Auto who may have participated in a sales training class conducted at a Jeff Wyler Auto facility by WWCS and/or Peter D. Ferrigan. On _____, 2020, the Court overseeing this case preliminarily approved a settlement and ordered this Notice be sent to all Potential Class Members. This Notice explains what you may get from the settlement and what rights are affected.

If you are entitled to participate in this settlement, you are entitled to receive a monetary award regardless of your immigration status. Your immigration status will not be the subject of this lawsuit, nor will it affect your right to recovery. You have the right to participate in this settlement if you fulfill the conditions detailed in the mailing regardless of your immigration status.

Jeff Wyler Auto will not and cannot retaliate against you for participation or non-participation in the settlement.

## What is this Lawsuit about?

This Lawsuit alleges that, in violation of federal and Ohio law, Jeff Wyler Auto failed to pay the Class Members for various training time and expenses associated with the sales training class conducted by WWCS and/or Peter D. Ferrigan at a location owned by Jeff Wyler Auto. The Lawsuit further alleges that Jeff Wyler Auto unlawfully collected various personality data, private health information and other personally identifying information for a subset of WWCS training class participants. The Lawsuit asks for damages from Jeff Wyler Auto for the alleged unpaid wages and costs, tort damages, liquidated damages, and other applicable penalties, and attorneys' fees and expenses.

Jeff Wyler Auto states that it paid WWCS training class participants all compensation it owed to them, if any, and that it has complied with federal and state law. Jeff Wyler Auto denies any liability or wrongdoing of any kind.

## What are the Settlement terms?

The Settlement Agreement requires Jeff Wyler Auto to pay the Class Members an amount certain based on which sub-class the Class Member falls into (as determined by Jeff Wyler Auto's business records and/or Class Members' answers to questions included in the Claim Form), as follows:

> a. "Sub-Class One" consists of all persons within the Settlement Class who were hired by Jeff Wyler Auto and (1) who were reimbursed by Jeff Wyler Auto for a fee they paid for participating in the WWCS training, or (2) who never paid any fee for the WWCS training. Individuals in Sub-Class One will receive a

check in the amount of $672.30, minus lawful deductions and withholdings. Jeff Wyler Auto will issue a Form W-2 to all members of Sub-Class One who receive this payment.

b. "Sub-Class Two" consists of all persons within the Settlement Class who were hired by Jeff Wyler Auto and who paid a fee for the WWCS training but who were not reimbursed for the fee by Jeff Wyler Auto. Individuals in Sub-Class Two will receive a check in the amount of $672.30, minus lawful deductions and withholdings, for which a Form W-2 will be issued. Individuals in Sub-Class Two will also receive a check in the amount of $500 as reimbursement for costs incurred during training conducted by WWCS, for which no tax documents shall be issued.

c. "Sub-Class Three" consists of all persons within the Settlement Class who were not hired by Jeff Wyler Auto and who paid a fee for the WWCS training but who were not reimbursed for the fee by Jeff Wyler Auto. Individuals in Sub-Class Three will receive a check in the amount of $673.30, minus lawful deductions and withholdings, for which an IRS Form W-2 will be issued. Individuals in Sub-Class Three will also receive a check in the amount of $500 as reimbursement for costs incurred during training conducted by WWCS, for which no tax documents shall be issued. Individuals in Sub-Class Three will also receive a check for $2,400 meant to compensate the members of Sub-Class Three for non-economic compensatory damages, for which an IRS Form 1099 will be issued.

d. "Sub-Class Four" consists of all persons within the Settlement Class who were not hired by Jeff Wyler Auto and who were reimbursed by Jeff Wyler Auto for the fee they paid for participating in the WWCS training. Individuals in Sub-Class Four will receive a check in the amount of $672.30, minus lawful deductions and withholdings, for which an IRS Form W-2 will be issued. Individuals in Sub-Class Four will also receive a check in the amount of $2,400 meant to compensate the members of Sub-Class Four for non-economic compensatory damages, for which an IRS Form 1099 will be issued.

These payments would encompass all claims for damages from November 8, 2015 to the present. In addition, Jeff Wyler Auto has agreed to pay a service award of $2,000 each to Named Plaintiffs Jeffrey Davis and Tiffany Carroll.

Based on the answers you submit on your Claim Form, the Claims Administrator will determine whether you are a member of the Settlement Class and if so, which Sub-Class you are a part of.

**How can I make my claim?**

To make your claim, **you must complete the enclosed Claim Form**. The parties also request, that you sign FLSA Opt-In at the end of the Claim Form. You may return the Claim Form and

26

FLSA Opt-In by fax, e-mail or mail to [insert email address and fax and toll free number]. In order to be considered a Class Member, you must return the completed Claim Form on or before _____, 2020.

If it is determined that you are a member of the Settlement Class, a check for your share of the settlement will be mailed to you. It is important that you tell the Claims Administrator if you move or your address has changed.

**How long do I have to cash my check?**

Your settlement check will have a date on it. The settlement check will be valid for one hundred twenty (120) days, unless the check is returned due to a bad address, in which case, the check will be reissued. You will have 120 days from that date to cash your check.

If you lose your check or it is damaged in the mail, contact the Claims Administrator. You may be able to have it reissued, provided you ask within the 120 day time period.

If you do not cash your check within 120 days of the date it was issued, your money will go back to Jeff Wyler Auto.

**Will I owe any taxes?**

The amounts you receive for unpaid wages will be wage income and subject to normal payroll tax withholding and W-2 reporting. These deductions will be taken out of your settlement check. The amounts you receive for unreimbursed expenses, if any, will not be taxed. You will receive an IRS Form 1099 for any other amounts you receive. If you have questions about the tax consequences of any of these payments to you, you should consult with an accountant or other tax advisor.

**What rights am I giving up by agreeing to the settlement?**

You will give up any right to file a separate lawsuit alleging the same or similar claims as this Lawsuit under federal or Ohio law, based on any actions that occurred from November 8, 2015 to the present if you agree to the settlement and cash your settlement check.

In order to retain any federal claim for unpaid wages or unreimbursed expenses, you must not cash the settlement check. In order to retain any Ohio claims brought in the Lawsuit, you must submit the Opt-Out Form.

If you participate in the settlement, you also agree to fully release and discharge Jeff Wyler Auto and the Released Parties from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions, or causes of action of whatever kind or nature, whether arising under any federal, state, or local law, whether known or unknown, that were alleged or that reasonably arise out of the acts alleged in the Complaint filed in the Lawsuit, which includes but is not limited to all claims for back wages, and including associated liquidated damages, interest, and penalty claims that were asserted or that could have

been asserted in the Lawsuit under state or federal law between November 8, 2015 and the Effective Date. Your release of claims also includes but is not limited to all claims related to any alleged failure to pay minimum wages under the Ohio Constitution or Ohio statutory law, state common law, and pursuant to wage contract claims. Your release of claims also includes but is not limited to any claims for breach of contract, fraud, unjust enrichment, negligent misrepresentation, invasion of privacy, intrusion upon seclusion, any violation of the Ohio Deceptive Trade Practices Act, conspiracy, conversion, and/or any violation of the Ohio Prompt Pay Act.

You are not releasing or waiving any claim that may not be released as a matter of law.

Your release of claims will be only effective if the Court grants final approval of the settlement.

**Do I have to pay any attorneys or other costs?**

No. Your settlement money will not be increased or reduced by the amounts, if any, awarded to the attorneys in the lawsuits.

As part of the settlement, the Court appointed the law firms of Burg Simpson Eldredge Hersh & Jardine, P.C. and Godbey Law as the attorneys for the Class in this case. ("Class Counsel").

Under the settlement, Jeff Wyler Auto is required to pay Class Counsel in this case. Class Counsel has/will be filing a motion with the Court to approve the payment of $175,000 in attorneys' fees and costs that Class Counsel has expended and will expend in prosecuting this Lawsuit on behalf of the Class. To date, Class Counsel has been prosecuting the lawsuits, without being paid, while advancing the costs and expenses of litigation on behalf of the Class. As previously noted, the payment of Class Counsel's Attorneys' Fees and Costs will not have any impact on the amount of your award.

The settlement is being administered by Archer Systems, LLC. Jeff Wyler Auto will pay the costs of the Claims Administrator.

**When is the Fairness Hearing?**

The Fairness Hearing will be held on _____, 2020 at _____ in Courtroom 239 at the United States District Courthouse for the Southern District of Ohio, Potter Stewart U.S. Courthouse, 100 E. Fifth St., Cincinnati, Ohio 45202. At that hearing, the Court will determine if the settlement is fair, reasonable, adequate, and in the best interests of the groups of the persons defined in the beginning of this Notice. The Court may postpone the hearing or change its location without further notice to you.

You are not required to attend the Fairness Hearing, although you may do so. If you are satisfied with the settlement, there is no need for you to appear.

**What if I have objections to the Settlement?**

If you have objections to the settlement, you must complete a Claim Form and state your objections to the settlement in writing and mail them to the counsel for the Parties at the following addresses for filing with the Court, on or before _____:

| Class Counsel: | Defense Counsel: |
|---|---|
| Janet G. Abaray<br>David C. Harman<br>BURG SIMPSON<br>ELDREDGE HERSH & JARDINE P.C.<br>201 E. 5th St., Suite 1340<br>Cincinnati, OH 45202<br>jabaray@burgsimpson.com<br>dharman@burgsimpson.com<br><br>Matthew Miller-Novak<br>GODBEY LAW<br>708 Walnut Street, Suite 600<br>Cincinnati, OH 45202<br>matt@godbeylaw.com | David K. Montgomery<br>Matthew R. Byrne<br>JACKSON LEWIS P.C.<br>PNC Center, 26th Floor<br>201 E. Fifth Street<br>Cincinnati, OH 45202<br>Telephone: (513) 898-0050<br>Facsimile: (513) 898-0051<br>david.montgomery@jacksonlewis.com<br>matthew.byrne@jacksonlewis.com |

All objections or other correspondence must state the name and number of the Lawsuit, which is *Jeffrey Davis, et al. v. World Wide Consulting Services, Inc., et al.*, Case No. 1:18-cv-771. If you do not follow the procedures for objecting described above, you will be deemed to have waived any objection to the settlement.

If you send a statement in writing of your objection, you may also come to the Court for the Fairness Hearing to have your objections heard by the Court orally. Any attorney who will be representing anyone at the Fairness Hearing must file a notice of appearance with the Court on or before 14 days prior to the Hearing.

**Where do I find more information?**

This Notice is only a summary of the Case and the settlement. For a more detailed statement of the Case or settlement, you may refer to the pleadings, the Settlement Agreement, and the other papers filed in the Case, which may be inspected at the Office of the Clerk of the U.S. District Court for the Southern District of Ohio, Potter Stewart U.S. Courthouse, 100 E. Fifth St., Cincinnati, Ohio 45202, during regular business hours of each court day. You also may obtain copies of this Notice and/or the Settlement Agreement or further information regarding the settlement from the Claims Administrator [toll free number and website to be established by the claims administrator], or Class Counsel at [INSERT NUMBER].

**Who do I contact if I have further questions?**

All questions or inquiries regarding this Notice and/or settlement, including the amounts estimated to be payable to you if the settlement is approved, should be directed to the Claims Administrator, Archer Systems, LLC, _____ [toll free number and claims administrator email]. If you have a question for Class Counsel, you can contact them using the contact information above.

**PLEASE DO NOT CONTACT THE COURT OR THE JUDGE WITH ANY INQUIRIES.**

# EXHIBIT D
# Claim Form and FLSA Opt-In

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| **JEFFREY DAVIS, et al.** | : | **Case No. 1:18-cv-00771** |
| | : | |
| **v.** | : | **Judge Michael R. Barrett** |
| | : | |
| **WORLD WIDE CONSULTING** | : | |
| **SERVICES, INC., et al.** | : | |
| | : | |

# CLAIM FORM AND FLSA OPT-IN

In order to determine whether you are in the Settlement Class in *Jeffrey Davis, et al. v. World Wide Consulting Services, Inc., et al.*, a lawsuit currently pending in the U.S. District Court for the Southern District of Ohio, please provide your answers to the following questions. Your completed, signed Claim Form <u>must</u> be sent to the Claims Administrator and postmarked by **[date]**. If you do not complete and return the Claim Form postmarked by **[date]**, you will <u>not</u> be included in the Settlement Class. If you return the Claim Form postmarked by **[date]**, your answers will be used to <u>evaluate</u> whether you are a member of the Settlement Class and the amount of compensation you are entitled to under the settlement, if any. <u>If</u> you are determined to be a member of the Settlement Class, you may receive a separate communication in the future with additional information.

1) Full Legal Name: _____

2) Social Security Number[3]: _____

3) Date of Birth[4]: _____

4) Home Address: _____

5) Telephone Number: _____

6) Email Address: _____

---

[3] Your Social Security number will be kept confidential. This information is needed for accounting and tax purposes if you are determined to be a member of the class and if a settlement check is issued to you. For example, if you are determined to be a Class Member eligible for a settlement payment, for which an IRS Form 1099 is to be issued and you have not provided your Social Security number, the payment may be subject to certain taxes that would not apply if you had provided your Social Security Number. Your Social Security number will be kept confidential.
[4] Your date of birth will be kept confidential. This information is needed for accounting and tax purposes if you are determined to be a member of the class and if a settlement check is issued to you. Your date of birth will be kept confidential.

32

7) Did you participate in a multi-day sales training class at a Jeff Wyler Auto location as part of the Jeff Wyler Auto hiring process?

Yes _____          No _____

8) If your answer to Question #7 is "yes," please answer the following questions to the best of your recollection:

a. On what dates did you participate in the sales training class?

_____

b. What is the name of the individual/trainer who led your sales training class?

_____

c. At what Jeff Wyler dealership/location did your sales training class take place? (Check one)

[ ] Eastgate                    [ ] Columbus

[ ] Florence Buick GMC          [ ] Lawrenceburg

[ ] Kings Nissan                [ ] Other:_____

d. Were you required to pay for the training materials used in the sales training class?

Yes _____          No _____

e. Were you ever reimbursed by Jeff Wyler Auto for your payment for the training materials used in the sales training class?

Yes _____          No _____

f. Were you hired by Jeff Wyler Auto after completing the sales training class?

Yes _____          No _____

*****************************************************************************

33

**DECLARATION UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746
VERIFYING CLAIM FORM ANSWERS**

I am of legal age and competent to testify on the matters stated below.

1.      I have personal knowledge of the facts stated in my answers to the Claim Form stated above.

2.      My above answers to the Claim Form's prompts and questions are true and correct to the best of my knowledge.

3.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

 

_____
Signature

_____
Printed Full Legal Name

_____
Date

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

# FLSA OPT-IN

---

**BY SIGNING BELOW, YOU AGREE TO RELEASE YOUR CLAIMS AGAINST JEFF WYLER AUTOMOTIVE FAMILY, INC., UNDER THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216. YOU WILL ALSO RELEASE THOSE CLAIMS IF YOU DO NOT SIGN BELOW BUT YOU LATER DEPOSIT OR CASH ANY SETTLEMENT CHECK YOU MAY RECEIVE IN THIS CASE.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Class Member Name
Address
City, State, Zip

I hereby consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. Section 216, et seq., to recover wages I believe are owed to me, in the above-captioned matter.

Date: _____

_____
Signature

_____
Print Name

# EXHIBIT E
# Opt-Out Form

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| **JEFFREY DAVIS, et al.** | : | **Case No. 1:18-cv-00771** |
| | : | |
| **v.** | : | **Judge Michael R. Barrett** |
| | : | |
| **WORLD WIDE CONSULTING** | : | |
| **SERVICES, INC., et al.** | : | |
| | : | |

---

# OPT-OUT FORM

---

**IF YOU <u>DO NOT WISH TO PARTICIPATE</u> IN THE SETTLEMENT, PLEASE COMPLETE THIS FORM AND SUBMIT THE COMPLETED FORM, <u>POSTMARKED NO LATER THAN</u> [INSERT DATE], TO:**

**ARCHER SYSTEMS, LLC**
**[CLAIMS ADMINISTRATOR ADDRESS]**

**IF YOU SUBMIT THIS FORM, YOU WILL <u>NOT</u> BE INCLUDED IN THE SETTLEMENT AND WILL NOT BE ENTITLED TO ANY MONETARY COMPENSATION.**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I hereby declare as follows:

      I am a member of the Settlement Class defined in the Notice of Class Action Settlement and Fairness Hearing I received in the mail.

      I wish to be **<u>excluded</u>** from the Settlement Class described in the Notice of Class Action Settlement and Fairness Hearing, and I **<u>do not</u>** want to participate in the proposed settlement described therein. I understand that I will **<u>NOT</u>** receive any money from the settlement if I sign and return this form. I also understand that I will retain all rights under federal and state law regarding the claims that are the basis of this lawsuit as described in the Notice if I sign and return this form. I also understand that if I **<u>do not</u>** submit this form, I will release all rights under state law regarding the claims that are the basis of this lawsuit as described in the Notice.

37

I declare that the foregoing and the information provided below is true and correct.

Dated: _____

_____
(Signature)

_____
(Typed or Printed **Full Name**)

_____
(Address)

_____
(City, State, Zip Code)

_____
(Telephone Number, Including Area Code)

# EXHIBIT F
# U.S. Department of Labor
# "Summary of Unpaid Wages" Form

# Summary of Unpaid Wages

**U.S. Department of Labor**
Wage and Hour Division



| Office Address: | Cincinnati OH A0<br>U.S. Department of Labor<br>550 Main Street<br>Room 10-409<br>Cincinnati, OH  45202<br>513-684-2909 | Investigator:<br>Nikolai Bogomolov | | Date:<br>09/26/2019 |
|---|---|---|---|---|
| | | Employer Fed Tax ID Number: | 31-1104627 | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BWs Due | Total |
|---|---|---|---|---|---|
| 1. Alexander, Isaac | | 07/15/2018 to 07/15/2018 | FLSA | $217.50 | $217.50 |
| 2. Barr, Corey | | 08/19/2018 to 08/19/2018 | FLSA | $217.50 | $217.50 |
| 3. Battaglia, Matthew | | 07/22/2018 to 07/22/2018 | FLSA | $217.50 | $217.50 |
| 4. Becker, Jeffrey | | 05/20/2018 to 05/20/2018 | FLSA | $217.50 | $217.50 |
| 5. Behenan, Shanequis | | 08/19/2018 to 08/19/2018 | FLSA | $217.50 | $217.50 |
| 6. Bowden, Scott | | 07/15/2018 to 07/22/2018 | FLSA | $703.00 | $703.00 |
| 7. Brent, Devon | | 10/14/2018 to 10/14/2018 | FLSA | $217.50 | $217.50 |
| 8. Cain, Adam | | 08/19/2018 to 08/19/2018 | FLSA | $217.50 | $217.50 |
| 9. Clark, Kayden | | 09/23/2018 to 09/23/2018 | FLSA | $217.50 | $217.50 |

| I agree to pay the listed employees the amount due shown above by<br><br>Signed:<br>Date: 12-15-19 | Employer Name and Address:<br>Jeff Wyler<br>Jeff Wyler Eastgate, Inc.<br>1117 Ohio Route 32<br>Batavia OH 45103 | Subtotal: | $2,443.00 | $2,443.00 |
|---|---|---|---|---|
| | | Total: | $16,906.00 | $16,906.00 |

Form WH-56

Summary of Unpaid Wages

**U.S. Department of Labor**
Wage and Hour Division



| Office Address: | Cincinnati OH A0<br>U.S. Department of Labor<br>550 Main Street<br>Room 10-409<br>Cincinnati, OH 45202<br>513-684-2909 | | Investigator:<br>Nikolai Bogomolov | | | Date:<br>09/26/2019 |
|---|---|---|---|---|---|---|
| | | | Employer Fed Tax ID Number: | | 31-1104627 | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BWs Due | Total |
|---|---|---|---|---|---|
| 10. Clark, Nathaniel | | 04/08/2018 to 04/08/2018 | FLSA | $217.50 | $217.50 |
| 11. Collins, Derek | | 09/16/2018 to 09/16/2018 | FLSA | $217.50 | $217.50 |
| 12. Darling, Dajuan | | 09/30/2018 to 09/30/2018 | FLSA | $217.50 | $217.50 |
| 13. Davis, Kelby | | 11/04/2018 to 11/04/2018 | FLSA | $217.50 | $217.50 |
| 14. Deese, Jamie | | 09/23/2018 to 09/30/2018 | FLSA | $333.50 | $333.50 |
| 15. Dorgelo, Samantha | | 04/08/2018 to 04/08/2018 | FLSA | $217.50 | $217.50 |
| 16. Dudash, Jr., James | | 09/09/2018 to 09/09/2018 | FLSA | $217.50 | $217.50 |
| 17. Eastham, David | | 09/23/2018 to 09/23/2018 | FLSA | $217.50 | $217.50 |
| 18. Everson, Austin | | 09/23/2018 to 09/30/2018 | FLSA | $217.50 | $217.50 |

| I agree to pay the listed employees the amount due shown above by<br><br>Signed: <br>Date: 12-15-19 | Employer Name and Address:<br>Jeff Wyler<br>Jeff Wyler Eastgate, Inc.<br>1117 Ohio Route 32<br>Batavia OH 45103 | Subtotal: | $2,073.50 | $2,073.50 |
|---|---|---|---|---|
| | | Total: | $16,906.00 | $16,906.00 |

Form WH-56

## Summary of Unpaid Wages

### U.S. Department of Labor
Wage and Hour Division



| Office Address: | Cincinnati OH A0<br>U.S. Department of Labor<br>550 Main Street<br>Room 10-409<br>Cincinnati, OH  45202<br>513-684-2909 | | Investigator:<br>Nikolai Bogomolov | | | Date:<br>09/26/2019 |
|---|---|---|---|---|---|---|
| | | | Employer Fed Tax ID Number: | 31-1104627 | | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BWs Due | Total |
|---|---|---|---|---|---|
| 19. Finley, Clark | 461 Columbus Ave #201<br>Lebanon, OH  45036 | 04/08/2018<br>to<br>04/08/2018 | FLSA | $217.50 | $217.50 |
| 20. Fite, Jesse | ███████ | 04/29/2018<br>to<br>04/29/2018 | FLSA | $217.50 | $217.50 |
| 21. Flick, Gabrielle | ███████ | 04/08/2018<br>to<br>04/08/2018 | FLSA | $217.50 | $217.50 |
| 22. Fulton, Alexis | ███████ | 04/29/2018<br>to<br>04/29/2018 | FLSA | $217.50 | $217.50 |
| 23. Hamilton, Adam | ███████ | 05/20/2018<br>to<br>05/20/2018 | FLSA | $217.50 | $217.50 |
| 24. Harbottle, Tyler | ███████ | 08/12/2018<br>to<br>08/12/2018 | FLSA | $217.50 | $217.50 |
| 25. Harrington, Chad | ███████ | 07/29/2018<br>to<br>07/29/2018 | FLSA | $217.50 | $217.50 |
| 26. Harris, Edward | ███████ | 09/23/2018<br>to<br>09/30/2018 | FLSA | $217.50 | $217.50 |
| 27. Hill, Alexa | ███████ | 04/08/2018<br>to<br>04/08/2018 | FLSA | $717.50 | $717.50 |

| I agree to pay the listed employees the amount due shown above by<br><br>Signed:<br><br>Date:  12 - 15 - 19 | Employer Name and Address:<br>Jeff Wyler<br>Jeff Wyler Eastgate, Inc.<br>1117 Ohio Route 32<br>Batavia OH 45103 | Subtotal: | $2,457.50 | $2,457.50 |
|---|---|---|---|---|
| | | Total: | $16,906.00 | $16,906.00 |

Form WH-56

## Summary of Unpaid Wages

## U.S. Department of Labor
Wage and Hour Division



| Office Address: | Cincinnati OH A0<br>U.S. Department of Labor<br>550 Main Street<br>Room 10-409<br>Cincinnati, OH 45202<br>513-684-2909 | | Investigator:<br>Nikolai Bogomolov | | | Date:<br>09/26/2019 |
|---|---|---|---|---|---|---|
| | | | Employer Fed Tax ID Number: | | 31-1104627 | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BWs Due | Total |
|---|---|---|---|---|---|
| 28. Hinkston, Princeton | | 10/14/2018 to 10/14/2018 | FLSA | $217.50 | $217.50 |
| 29. Jackson, Rebecca | | 04/15/2018 to 04/15/2018 | FLSA | $217.50 | $217.50 |
| 30. Jorgensen, Dorian | | 07/15/2018 to 07/15/2018 | FLSA | $217.50 | $217.50 |
| 31. Kasyoka, Ian | | 08/19/2018 to 08/19/2018 | FLSA | $217.50 | $217.50 |
| 32. Lang, Jerome | | 10/14/2018 to 10/14/2018 | FLSA | $217.50 | $217.50 |
| 33. Lee, Christina | | 04/15/2018 to 04/15/2018 | FLSA | $217.50 | $217.50 |
| 34. Lloyd, William | | 04/15/2018 to 04/15/2018 | FLSA | $217.50 | $217.50 |
| 35. Masters, Austin | | 02/18/2018 to 02/18/2018 | FLSA | $717.50 | $717.50 |
| 36. Mastin, Samuel | | 08/19/2018 to 08/19/2018 | FLSA | $217.50 | $217.50 |

| I agree to pay the listed employees the amount due shown above by<br><br>Signed:<br>Date: 12-15-19 | Employer Name and Address:<br>Jeff Wyler<br>Jeff Wyler Eastgate, Inc.<br>1117 Ohio Route 32<br>Batavia OH 45103 | Subtotal: | $2,457.50 | $2,457.50 |
|---|---|---|---|---|
| | | Total: | $16,906.00 | $16,906.00 |

Form WH-56

## Summary of Unpaid Wages

### U.S. Department of Labor
Wage and Hour Division



| Office Address: | Cincinnati OH A0<br>U.S. Department of Labor<br>550 Main Street<br>Room 10-409<br>Cincinnati, OH 45202<br>513-684-2909 | | Investigator:<br>Nikolai Bogomolov | | | Date:<br>09/26/2019 |
|---|---|---|---|---|---|---|
| | | | Employer Fed Tax ID Number: | | 31-1104627 | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BWs Due | Total |
|---|---|---|---|---|---|
| 37. Miller, Terry | | 04/01/2018<br>to<br>04/01/2018 | FLSA | $717.50 | $717.50 |
| 38. Naes, Gaige | | 09/09/2018<br>to<br>09/09/2018 | FLSA | $217.50 | $217.50 |
| 39. Neumeister, Andrew | | 07/29/2018<br>to<br>07/29/2018 | FLSA | $217.50 | $217.50 |
| 40. Osborne, Thomas | | 04/08/2018<br>to<br>04/08/2018 | FLSA | $217.50 | $217.50 |
| 41. Parsons, Xavier | | 10/21/2018<br>to<br>10/21/2018 | FLSA | $217.50 | $217.50 |
| 42. Peacock, Hannah | | 09/09/2018<br>to<br>09/09/2018 | FLSA | $217.50 | $217.50 |
| 43. Rein, Robert | | 09/09/2018<br>to<br>09/09/2018 | FLSA | $217.50 | $217.50 |
| 44. Rice, Eric | | 07/29/2018<br>to<br>07/29/2018 | FLSA | $217.50 | $217.50 |
| 45. Richey, Brittany | | 05/20/2018<br>to<br>05/20/2018 | FLSA | $217.50 | $217.50 |

| I agree to pay the listed employees the amount due shown above by<br><br>Signed:<br><br>Date: 12-19-19 | Employer Name and Address:<br>Jeff Wyler<br>Jeff Wyler Eastgate, Inc.<br>1117 Ohio Route 32<br>Batavia OH 45103 | Subtotal: | $2,457.50 | $2,457.50 |
|---|---|---|---|---|
| | | Total: | $16,906.00 | $16,906.00 |

Form WH-56

## Summary of Unpaid Wages

**U.S. Department of Labor**
Wage and Hour Division



| Office Address: | Cincinnati OH A0<br>U.S. Department of Labor<br>550 Main Street<br>Room 10-409<br>Cincinnati, OH 45202<br>513-684-2909 | | Investigator:<br>Nikolai Bogomolov | | Date:<br>09/26/2019 |
|---|---|---|---|---|---|
| | | | Employer Fed Tax ID Number: | 31-1104627 | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BWs Due | Total |
|---|---|---|---|---|---|
| 46. Rose, Joshua | | 07/15/2018 to 07/15/2018 | FLSA | $217.50 | $217.50 |
| 47. Sadler, Sr., Christopher | | 12/10/2017 to 12/10/2017 | FLSA | $217.50 | $217.50 |
| 48. Santorelli, Damian | | 06/10/2018 to 06/10/2018 | FLSA | $217.50 | $217.50 |
| 49. Smith, Elizabeth | | 04/08/2018 to 04/08/2018 | FLSA | $217.50 | $217.50 |
| 50. Soper, Bryan | | 02/25/2018 to 02/25/2018 | FLSA | $217.50 | $217.50 |
| 51. Sovilla, Benjamin | | 08/19/2018 to 08/19/2018 | FLSA | $217.50 | $217.50 |
| 52. Steele, Charles | | 05/20/2018 to 05/20/2018 | FLSA | $217.50 | $217.50 |
| 53. Swallen, Kevin | | 02/25/2018 to 02/25/2018 | FLSA | $217.50 | $217.50 |
| 54. Taylor, Christian | | 04/08/2018 to 04/08/2018 | FLSA | $217.50 | $217.50 |

| I agree to pay the listed employees the amount due shown above by<br><br>Signed:<br><br>Date: 12-15-19 | Employer Name and Address:<br>Jeff Wyler<br>Jeff Wyler Eastgate, Inc.<br>1117 Ohio Route 32<br>Batavia OH 45103 | Subtotal: | $1,957.50 | $1,957.50 |
|---|---|---|---|---|
| | | Total: | $16,906.00 | $16,906.00 |

Form WH-56

# Summary of Unpaid Wages

## U.S. Department of Labor
Wage and Hour Division



| Office Address: | Cincinnati OH A0<br>U.S. Department of Labor<br>550 Main Street<br>Room 10-409<br>Cincinnati, OH 45202<br>513-684-2909 | | Investigator:<br>Nikolai Bogomolov | | | Date:<br>09/26/2019 |
|---|---|---|---|---|---|---|
| | | | Employer Fed Tax ID Number: | | 31-1104627 | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BWs Due | Total |
|---|---|---|---|---|---|
| 55. Thompson, Scott | | 08/19/2018 to 08/19/2018 | FLSA | $217.50 | $217.50 |
| 56. Washington, Benjamin | | 10/14/2018 to 10/14/2018 | FLSA | $217.50 | $217.50 |
| 57. Weimer, Bryan | | 10/14/2018 to 10/14/2018 | FLSA | $217.50 | $217.50 |
| 58. West, Breian | | 04/08/2018 to 04/08/2018 | FLSA | $217.50 | $217.50 |
| 59. Whitfield, Daivoghn | | 09/23/2018 to 09/30/2018 | FLSA | $333.50 | $333.50 |
| 60. Wilder, Mark | | 05/27/2018 to 05/27/2018 | FLSA | $217.50 | $217.50 |
| 61. Wilford, Jeremy | | 08/19/2018 to 08/19/2018 | FLSA | $217.50 | $217.50 |
| 62. Williams, Kyle | | 03/04/2018 to 03/04/2018 | FLSA | $217.50 | $217.50 |
| 63. Wilson, Zachary | | 09/23/2018 to 09/30/2018 | FLSA | $333.50 | $333.50 |

| I agree to pay the listed employees the amount due shown above by<br><br>Signed:<br>Date: 12-15-19 | Employer Name and Address:<br>Jeff Wyler<br>Jeff Wyler Eastgate, Inc.<br>1117 Ohio Route 32<br>Batavia OH 45103 | Subtotal: | $2,189.50 | $2,189.50 |
|---|---|---|---|---|
| | | Total: | $16,906.00 | $16,906.00 |

Form WH-56

Summary of Unpaid Wages

**U.S. Department of Labor**
Wage and Hour Division



| Office Address: | Cincinnati OH A0<br>U.S. Department of Labor<br>550 Main Street<br>Room 10-409<br>Cincinnati, OH 45202<br>513-684-2909 | | Investigator:<br>Nikolai Bogomolov | | Date:<br>09/26/2019 |
|---|---|---|---|---|---|
| | | | Employer Fed Tax ID Number: | 31-1104627 | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BWs Due | Total |
|---|---|---|---|---|---|
| 64. Winter, Ryan | | 06/03/2018 to 06/03/2018 | FLSA | $217.50 | $217.50 |
| 65. Wires, Keith | | 12/24/2017 to 12/24/2017 | FLSA | $217.50 | $217.50 |
| 66. Woods, Mark | | 09/09/2018 to 09/09/2018 | FLSA | $217.50 | $217.50 |
| 67. Yocum, Kyle | | 04/08/2018 to 04/08/2018 | FLSA | $217.50 | $217.50 |

| I agree to pay the listed employees the amount due shown above by<br><br>Signed:<br><br>Date: 12-15-19 | Employer Name and Address:<br>Jeff Wyler<br>Jeff Wyler Eastgate, Inc.<br>1117 Ohio Route 32<br>Batavia OH 45103 | Subtotal: | $870.00 | $870.00 |
|---|---|---|---|---|
| | | Total: | $16,906.00 | $16,906.00 |

Form WH-56