# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **JEFFREY DAVIS,** *et al.*, | * | Case No. 1:18-cv-00771 |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| v. | * | Judge Michael R. Barrett |
| | * | |
| **WORLD WIDE CONSULTING** | * | |
| **SERVICES, INC.,** *et al.*, | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

# ORDER

On July 10, 2020, Plaintiff Jeffrey Davis ("Davis") and Plaintiff Tiffany Carroll ("Carroll"), on behalf of themselves and others similarly situated, and Defendant Jeff Wyler Automotive Family, Inc. ("Jeff Wyler Auto") filed a Joint Motion for Preliminary Certification of a Class Action, Conditional Certification of a Collective Action, and Preliminary Approval of Class and Collective Action Settlement ("Joint Motion for Preliminary Approval"). (CM/ECF No. 43) The Parties attached the Settlement Agreement and Release ("Agreement") by which the parties sought to resolve all claims brought by Named Plaintiffs and the class they sought to represent against Jeff Wyler Auto. (Agreement, CM/ECF No. 43-2, PageID #295-343) On July 13, 2020, this Court granted the Joint Motion for Preliminary Approval. (Order, CM/ECF No. 44)

On November 4, 2020, the Parties filed a Joint Motion for Final Certification of a Class Action and Collective Action, and Final Approval of Class and Collective Action Settlement ("Joint Motion for Final Approval"). (CM/ECF No. 46) In the Joint Motion for Final Approval, the Parties requested that the Court (1) finally certify a class action pursuant to Rule 23(a) and

1

(b)(3) of the Federal Rules of Civil Procedure for sole purposes of settlement, including the Sub-Classes described in the Agreement; (2) finally certify a collective action pursuant to 29 U.S.C. § 216(b) for sole purposes of settlement; (3) finally approve the Agreement and its terms; (4) approve the payments to Class Members described in the Assignment Spreadsheet; (5) approve the incentive payments set forth in the Agreement to Named Plaintiffs; (6) approve the payment of Attorneys' Fees and Costs as set forth in the Agreement; and (7) enter final judgment after the Fairness Hearing for this Class and Collective Action.

Having reviewed the Joint Motion for Final Approval and the Agreement, and the pleadings and papers filed in this action, and for good cause established therein, the Court hereby finds that the Joint Motion for Final Approval is well-taken and finds:

1. On November 8, 2019, Named Plaintiffs filed their Collective / Class Action Complaint on behalf of themselves and others similarly situated. In their Complaint, Named Plaintiffs alleged that Jeff Wyler Auto (1) failed to pay minimum wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, (2) failed to pay minimum wages under the Ohio Constitution's minimum wage provision, Ohio Const. Art. II, § 34a, (3) failed to pay timely wages in violation of the Ohio Prompt Pay Act, Ohio Rev. Code § 4113.15; (4) engaged in breach of contract, (5) engaged in fraud/negligent misrepresentation, (6) engaged in invasion of privacy – intrusion upon seclusion, (7) violated the Ohio Deceptive Trade Practices Act, Ohio Rev. Code 4165, (8) engaged in civil conspiracy, and (9) engaged in conversion. These claims arose out of sales training conducted by Defendant World Wide Consulting Services ("WWCS") and Defendant Peter D. Ferrigan ("Ferrigan") on Jeff Wyler Auto's property. WWCS and Ferrigan were previously held to be in default and are not parties to the Joint Motion or the Agreement.

2.     On December 21, 2018, Jeff Wyler Auto filed its Answer to the complaint, denying that WWCS sales training class participants were employees and denying liability for all of the allegations in the Complaint, and asserting affirmative defenses to same.

3.     Named Plaintiffs and Jeff Wyler Auto engaged in written discovery from February 2019 until July 29, 2019. Jeff Wyler Auto produced numerous pages of documents regarding Named Plaintiffs' allegations and Jeff Wyler Auto's defenses.

4.     On September 26, 2019, the parties and their counsel participated in a settlement conference with Magistrate Judge Stephanie K. Bowman. On December 10, 2019, the parties participated in a second settlement conference with Magistrate Judge Bowman. The resulting Settlement Agreement and Release was fully executed on June 25, 2020.

5.     The parties engaged in arms-length settlement negotiations that were well-informed regarding the case facts.

6.     The Joint Motion for Final Approval was filed on November 4, 2020.

7.     This Court finds, solely for purposes of effectuating the settlement, that Rule 23(a) and (b)(3) class action certification is appropriate under *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). In particular, the Court finds, solely for purposes of effectuating the settlement, that (a) the members of the Class are so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Class Members; (c) the claims of the Named Plaintiffs are typical of the claims of the Class Members; (d) the Named Plaintiffs will fairly and adequately protect the interests of the Class Members; (e) the questions of law and fact common to members of the Class Members predominate over questions affecting only individual members; and (f) a class action is superior to other available methods of fairly and efficiently adjudicating the controversy. The Court also approves the Sub-Classes described in the

Settlement Agreement and Release and the Assignment Spreadsheet attached to the Joint Motion for Final Approval, which it finds are appropriate for purposes of providing members of the Sub-Classes with settlement payments tailored to their specific circumstances.

8. For purposes of effectuating the settlement only, the Court grants final certification to the FLSA collective action as described in the Joint Motion. The Court finds that the Named Plaintiffs are similarly situated to the Class Members identified in the Assignment Spreadsheet attached to the Joint Motion for Final Approval.

9. The Court also finds that the terms of the Settlement are fair, reasonable, and adequate, and the product of arms-length negotiations between experienced counsel after substantial investigation. The Court finds that no Potential Class Member has objected to the settlement, and that there is no lawful reason to not approve the terms of the Settlement.

10. Therefore, the Court hereby ORDERS:

    A. A Rule 23 class action is finally certified for the following class:

…[A]ll persons who, within the three-year period prior to the filing of the Lawsuit (that is, going back to November 8, 2015), attended WWCS training run by Ferrigan or WWCS at a location owned or operated by Jeff Wyler Auto.

    The members of this Class are identified in the Assignment Spreadsheet attached to the Joint Motion for Final Approval.

    B. Sub-Classes One, Two, Three, and Four, as stated in the Agreement, are also finally certified under Rule 23, with the members identified in the Assignment Spreadsheet attached to the Joint Motion for Final Approval;

    C. A collective action under 29 U.S.C. § 216(b) is finally certified for the following class:

4

…[A]ll persons who, within the three-year period prior to the filing of the Lawsuit (that is, going back to November 8, 2015), attended WWCS training run by Ferrigan or WWCS at a location owned or operated by Jeff Wyler Auto.

The members of the collective class are identified in the Assignment Spreadsheet attached to the Joint Motion for Final Approval.

D. The Agreement and its terms are finally approved.

E. The payments to Class Members described in the Assignment Spreadsheet attached to the Joint Motion for Final Approval are approved.

F. The incentive payments to the Named Plaintiffs set forth in the Agreement are approved.

G. The payment of attorneys' fees and costs as set forth in the Agreement is approved.

IT IS SO ORDERED this _20th_ day of __November_____, 2020.

/s/ Michael R. Barrett

Judge Michael R. Barrett
United States District Court Judge

Proposed order respectfully submitted by:

/s/*David C. Harman* (by Matthew R. Byrne per email authorization)
Janet G. Abaray (Ohio Bar No. 0002943)
David C. Harman (Ohio Bar No. 0087882)
BURG SIMPSON
ELDREDGE HERSH & JARDINE P.C.
201 E. 5th St., Suite 1340
Cincinnati, OH 45202
Email: jabaray@burgsimpson.com
Email: dharman@burgsimpson.com

Matthew Miller-Novak (Ohio Bar No. 0091402)
BARRON, PECK, BENNIE & SCHLEMMER, CO. LPA
3074 Madison Road
Cincinnati, OH 45209
Telephone: (513) 721-1350
Facsimile: (513) 721-2301
Email: mmn@bpbslaw.com

*Counsel for Named Plaintiffs*
*Jeffrey Davis and Tiffany Carroll*

/s/*Matthew R. Byrne*
David K. Montgomery (Ohio Bar No. 0040276)
Matthew R. Byrne (Ohio Bar No. 0082228)
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
Email: david.montgomery@jacksonlewis.com
Email: matthew.byrne@jacksonlewis.com

*Counsel for Defendant*
*Jeff Wyler Automotive Family, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of November, 2020, a true and accurate copy of the foregoing Proposed Order was electronically filed with the United States District Court for the Southern District of Ohio via the Court's CM/ECF system, and that such system will send electronic notice of the filing to the following:

Janet G. Abaray
David C. Harman
BURG SIMPSON
ELDREDGE HERSH & JARDINE P.C.
201 E. 5th St., Suite 1340
Cincinnati, OH 45202
Email: jabaray@burgsimpson.com
Email: dharman@burgsimpson.com

Matthew Miller-Novak
BARRON, PECK, BENNIE & SCHLEMMER, CO. LPA
3074 Madison Road
Cincinnati, OH 45209
Email: mmn@bpbslaw.com

*Counsel for Named Plaintiffs*
*Jeffrey Davis and Tiffany Carroll*

I further hereby certify that on this 4th day of November, 2020, a true and accurate copy of the foregoing Proposed Order was served upon the following by regular U.S. mail:

World Wide Consulting Services, Inc.
c/o Statutory Agent: Peter D. Ferrigan
107 Hampton Hills Court
Fort Mill, SC 29715

Peter D. Ferrigan
107 Hampton Hills Court
Fort Mill, SC 29715

/s/*Matthew R. Byrne*
Matthew R. Byrne

4830-8144-3280, v. 3